IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY ROGERS,<br><br>      **Plaintiff,**<br><br>v.<br><br>RENATA LOWERY and WEXFORD HEALTH SOURCES, INC.,<br><br>      **Defendants.** | Case No. 23-cv-1936-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Tony Rogers, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rogers alleges defendants were deliberately indifferent to his need for care in violation of the Eighth Amendment, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections, Wexford Health Sources, Inc., and this Court.

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Rogers makes the following allegations: Rogers is a disabled inmate who is housed in the infirmary due to his medical conditions and needs (Doc. 1, p. 7). He suffers from obesity and requires a wheelchair (*Id.*). Due to his weight, he is also unable to bath himself and clean himself after using the restroom (*Id.*). Nursing staff at Centralia refused to clean Rogers after using the restroom and instead ordered inmate porters to help Rogers (*Id.*). Nursing staff informed Rogers that director of nursing Renata Lowery told staff that they did not have to help Rogers clean himself after defecating (*Id.*). Rogers sat in the toilet area for hours because he did not have help to clean himself (*Id.*). On January 8, 2023, he requested assistance from nurses Jackie Parrish and Sheila Guern, but they responded that Renata Lowery instructed them not to help Rogers clean himself after using the restroom (*Id.* at pp. 7-8). Rogers developed rashes and sores on his buttocks and lower back area due to the lack of cleaning (*Id.* at p. 8). On February 9, 2023, Nurse Meghan Daily also refused Rogers's request for help in cleaning himself, citing Renata Lowery's directive (*Id.*).

Rogers was refused help until April 2023 when an emergency grievance he previously submitted was finally resolved. Grievance officials and the ADA Coordinator

determined that his claims were substantiated and that Rogers needed assistance after using the restroom.

Rogers alleges that he was denied care because Wexford Health Sources, Inc. has failed to employ a regular on-site doctor for Centralia who oversees staff and provides proper instructions on how to assist disabled patients.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Renata Lowery for ordering staff members not to assist Rogers with cleaning after using the restroom.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having a custom, policy, or practice of not assigning doctors to the prison to oversee the day-to-day operations and for failing to train staff in providing adequate medical care.

**Count 3:** ADA claim for denying Rogers help in the restroom.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Rogers states a viable claim for deliberate indifference against Renata Lowery. He alleges that Lowery instructed staff not to assist him in cleaning himself and as a result, he was left for hours in the bathroom and developed sores and rashes due to lack of cleaning. This is enough at this stage to state a viable Eighth Amendment claim. *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022).

Rogers also states a viable claim in Count 2 against Wexford for their policies and practices which Rogers alleges led to the denial of proper care.

Rogers also states a viable ADA claim. Rogers, however, cannot proceed against the individual defendants because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Latoya Hughes, the Acting IDOC Director, will be added to the case, in her official capacity only, for purposes of Rogers's ADA claim.

## Disposition

For the reasons stated above, Count 1 shall proceed against Renata Lowery. Count 2 shall proceed against Wexford Health Sources, Inc. and Count 3 shall proceed against Latoya Hughes (official capacity only).

The Clerk of Court shall prepare for Defendants Renata Lowery, Latoya Hughes, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Rogers. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Rogers's motion for service of process (Doc. 3) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Rogers, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Rogers, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

5

Finally, Rogers is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 8/31/2023**

    **/s/ Mark A. Beatty**
    **MARK A. BEATTY**
    **United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**