IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY ROGERS, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:23-CV-1936-MAB |
| | ) |
| RENATA LOWERY, et al., | ) |
| | ) |
|        **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff Tony Rogers' Motion for Recruitment of Counsel (Doc. 41) and Motion to Stay (Doc. 40). For the reasons set forth below, Plaintiff's Motion for Recruitment of Counsel is GRANTED (Doc. 41) and his Motion to STAY is DENIED as MOOT (Doc. 40).

1. *Motion for Recruitment of Counsel (Doc. 41)*

Plaintiff previously filed two motions for recruitment of counsel with the Court (*see* Docs. 29, 33). Plaintiff's first motion for counsel was denied because Plaintiff failed to provide sufficient reasons as to why he could not litigate this matter on his own, particularly in light of the early stage of proceedings (Doc. 31). The Court's Order did note, however, that Plaintiff had met the threshold burden of demonstrating that he made a reasonable attempt to obtain counsel on his own (*Id.*). Thereafter, Plaintiff's second motion for counsel was filed on December 26, 2023, but placed in abeyance until after he was released from prison, which occurred in January 2024 (Doc. 33). The Court denied the second motion for reasons similar to his first motion, noting that Plaintiff did not

explain why he would not be able to litigate this matter on his own after being released (Doc. 37). The Court also emphasized that Plaintiff demonstrated his competence by having the foresight to file a motion for counsel that was prepared with the assistance of individuals inside prison, prior to his release (*Id.*). Thereafter, the Court granted the Defendants' motions to withdraw their affirmative defense of failure to exhaust administrative remedies (Doc. 38) and this matter proceeded to discovery on the merits (Doc. 39).

Plaintiff has now filed the instant Motion for Recruitment of Counsel (Doc. 41). As the Court explained in its prior Orders (*see* Docs. 31, 37), when presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, the Court has already determined that Plaintiff made a reasonable attempt to obtain counsel on his own (*see* Doc. 31). And furthermore, Plaintiff's instant motion includes additional letters that Plaintiff sent in hopes of obtaining counsel on his own, which were prepared after the Court denied his second motion for recruitment of counsel (*see* Doc. 41 at pp. 7-11).

As for the second inquiry, discovery on the merits has commenced (Doc. 39) and Plaintiff will now face an increasingly complex set of demands that most likely exceed his capabilities given his education level and lack of litigation experience. In fact, Plaintiff has stated in an affidavit that he has only a fifth-grade education level and is completely dependent upon the aid of others to understand the Court's Orders (*see* Doc. 29 at p. 3).

Furthermore, Plaintiff has explained that there are several individuals Plaintiff will need to depose in order to prove his claims, but that he has no ability to do so without legal assistance (Doc. 41 at p. 4). Finally, in sharp contrast to Plaintiff's prior filings (and even the instant motion which states it was prepared with the help of an individual in custody),[1] Plaintiff is no longer able to rely upon the aid of other incarcerated individuals to help him prepare his legal filings as he is now released. As the Court understands it, without that assistance, Plaintiff will be entirely unable to litigate this action on his own.

For these reasons, Plaintiff has now provided a sufficient explanation as to why he is unable to litigate this matter on his own given his current circumstances and the advanced stage of proceedings. Accordingly, Plaintiff's Motion for Recruitment of Counsel is GRANTED (Doc. 41). An attorney will be recruited to represent Plaintiff in a separate order.

2. *Motion to Stay (Doc. 40)*

Plaintiff also filed a Motion to Stay, which requests this matter be stayed until the Court rules upon his Motion for Recruitment of Counsel (Doc. 40). In light of the Court's ruling granting Plaintiff's Motion for Recruitment of Counsel, the Court DENIES as MOOT Plaintiff's Motion to Stay (Doc. 40). After Plaintiff's recruited counsel has entered his or her appearance and had time to familiarize himself/herself with the case, the Court

---

[1] The Court is not entirely sure when or how Plaintiff was able to have an individual in custody assist him with preparing his motion for counsel and motion to stay after his release. However, an affidavit by the individual who prepared Plaintiff's motions explains that said individual prepared all of Plaintiff's filings to date but will not be able to continue to do so following Plaintiff's release (*see* Doc. 41 at p. 5). As such, while the Court again believes this demonstrates foresight on Plaintiff's part (or the individual who has been assisting him), the Court is cognizant of the changed circumstances Plaintiff now faces in attempting to litigate this matter without any assistance.

will hold a status hearing. At the hearing, the Court will discuss with counsel, amongst other things, the schedule in this case and any necessary deadline extensions.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Recruitment of Counsel is **GRANTED** (Doc. 41) and Plaintiff's Motion to Stay is **DENIED as MOOT** (Doc. 40).

**IT IS SO ORDERED.**

**DATED: June 20, 2024**

                                              s/ Mark A. Beatty
                                              **MARK A. BEATTY**
                                              **United States Magistrate Judge**